UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATE OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>THOMAS T. ANDERSON, )<br>)<br>Defendant. )<br>_____) | 3:06-cv-00099 JWS<br><br>ORDER AND OPINION<br><br>[Re: Motion at Docket 50] |

## I. MOTION PRESENTED

At docket 50 defendant Anderson moves to exclude certain statements made by Bill Bobrick and Frank Prewitt in a recorded conversation. The statements are transcribed in Transcript 1D53 at pages 19 and 20. The United States responds at docket 56.

## II. BACKGROUND

The United States has conducted a wide ranging investigation into public corruption in the State of Alaska. It is well known in the community at large–and was well known by many jurors who were questioned in voir dire--that VECO Corporation

executives Bill Allen and Rick Smith pled guilty to charges relating to some aspect of that investigation. In fact, charges are pending in two other cases in this district against three former members of the Alaska Legislature Pete Kott, Vic Kohring and Bruce Weyrauch who allegedly accepted bribes from the VECO executives. The defendant in this case, Thomas Anderson, is also a former legislator who is charged with several felonies which revolve around a bribery scheme. However, the scheme alleged in this case did not involve VECO. Rather, here the government seeks to prove that Anderson accepted bribes which he thought were being paid by Cornell Corrections, Inc. (although in fact the funds came from the FBI).

### III. DISCUSSION

Anderson seeks to exclude a passage in a recorded conversation between Frank Prewitt and Bill Bobrick the essence of which is that VECO was paying Anderson $2,500 a month for doing nothing.[1] From this one might easily infer, especially one familiar with the fact that Bill Allen and Rick Smith have already pled guilty to the payment of bribes to other legislators, that Anderson was taking bribes from VECO executives.

Anderson seeks to keep the statements at issue out of evidence on several grounds, but the court need only address one of them. Rule 403 provides that evidence whose probative value is substantially outweighed by the danger of unfair prejudice should be excluded. Of course, the evidence that Anderson may have been

---

[1] *See* Transcript 1D53 at pp. 19-20.

-2-

taking bribes from VECO is inadmissible to show that because he was taking bribes from VECO he must have been taking bribes he thought came from Cornell.[2] At most the evidence that Anderson was on VECO's payroll would be relevant to the charges the government is prosecuting here only to show Anderson's knowledge of how bribery schemes operate and absence of any mistake by Anderson as to what he was doing.[3]

The probative value of the challenged VECO evidence in this prosecution is not of great importance given all of the other evidence which will be presented from the recorded conversations and the testimony of Mssrs. Prewitt and Bobrick. On the other hand, given the infamy surrounding Mssrs. Allen and Smith and through them VECO, the prejudice to Anderson of being associated with payments from VECO would be highly prejudicial. Because it is information not directly bearing on the charges the government decided to bring against Anderson, that prejudice is also unfair.

The United States contends that the challenged passage should be admitted because in his Rule 106 motion Anderson sought to include some other passages of recorded conversations in which VECO is mentioned. In a separate order, the court allowed inclusion of some, but not all, of those passages pursuant to Rule 106. If some of those passages redound to Anderson's detriment because they include references to VECO, he will find himself tangled in his own net, but that does not mean the court should sanction hauling him into the boat with a gaff fashioned from $2,500 per month

---

[2] Fed. R. Ev. 404(b).

[3] For these limited purposes, the evidence regarding VECO's payments to Anderson would be admissible under Fed. R. Ev. 404(b), in the prosecution of the pending charges.

-3-

payments from VECO.

## IV.  CONCLUSION

For the reasons above, the motion at docket 50 is **GRANTED**.

DATED at Anchorage, Alaska this 27th day of June 2007.

                S/JOHN W. SEDWICK
                  JOHN W. SEDWICK
          UNITED STATES DISTRICT JUDGE